LEROY W. MARTIN AND REBECCA A. MARTIN v. OLIVIA A. MARTIN.

PASTURAGE, *Plaintiff's Right to, Sustained.* Where M., owning a homestead, conveyed other farming land to his son L., reserving to himself and family to use as a pasture for stock on an average of ten head per year eighty acres thereof, so long as himself and family owned the land they occupied at the date of such conveyance, and at such time M.'s family consisted, besides himself, of his wife and his daughter O., and thereafter his wife died and he deeded the homestead to his daughter O., reserving, however, the premises as a home and for his support during his natural life, and after the date of such conveyance his daughter O. had charge of the home, and the family consisted of M., his daughter O., and his sister's child, *held,* that with his consent the daughter O. has the right to the pasturage on the land reserved in the conveyance to his son L.

*Error from Miami District Court.*

ACTION by *Olivia A. Martin* against *Leroy W.* and *Rebecca A. Martin,* to recover damages alleged to have been sustained by reason of being prevented from pasturing cattle upon the south half of the southeast quarter of section 18, township 16, range 25, in Miami county, in this state.

On the 31st day of October, 1868, John Martin (the father of Leroy W. Martin and Olivia A. Martin) and wife conveyed by warranty deed to Leroy W. Martin, among other lands, the real estate above described. The deed contained the following reservation: "Provided that the said John Martin of the first part reserves the right to himself and family to use as a pasture for stock on an average of ten head per year, the last described eighty acres of land, so long as himself and family own the land that he now occupies." At the time the deed was executed, John Martin's homestead consisted of the south half of the southeast quarter and the south half of the north half of the southeast quarter of section 19, township 16, range 25, in said Miami county. On August 7, 1872, Leroy W. Martin conveyed the said south half of the southeast quarter of section 18, township 16, range 25, to his wife, Rebecca A. Martin. Prior to

May 11, 1882, the wife of John Martin died, and on that day he conveyed by deed to his daughter, Olivia A. Martin, the homestead, which deed contained the following reservation: "John Martin, the grantor, herein reserves to himself a home and support from said premises conveyed, for and during his natural life. With this only exception, the fee simple of the land is hereby conveyed to the said Olivia A. Martin, his daughter, with the appurtenances and all estate, title and interest of the said party of the first part therein."

Trial at the February Term for 1883, before the court with a jury. The jury found a verdict for the plaintiff, and assessed her damages at fifteen dollars, and also returned the following special findings:

"Did John Martin reserve the right to pasture ten head of cattle upon the south half of the southeast quarter of section 18, township 16, range 25, Miami county, Kansas, when he deeded the said land to Leroy Martin? A. To himself and family.

"If you answer 'yes' to the first question, then has he ever conveyed, sold or assigned that right of pasturing to any other person or persons? A. No.

"With whom was John Martin living at the time of the commencement of this action? A. On the old homestead, with Olivia A. Martin.

"How many members comprised the family of Olivia A. Martin, the plaintiff, as shown by the testimony in this case? A. John Martin, Olivia Ann Martin, and her sister's child.

"Has John Martin lived with Olivia Martin ever since he deeded the home place to her; if not, how long has he lived with her? A. Yes.

"Has Leroy Martin ever refused to allow John Martin to pasture his cattle upon the land in controversy? A. No.

"Did Leroy Martin ever tell Olivia Martin that she could not pasture cattle upon the land in controversy? A. He did, through her father.

"Has Olivia Martin ever asked permission of the defendants, or either of them, to pasture cattle upon the land in controversy? A. No.

"Does the land in controversy adjoin the land conveyed by John Martin to Olivia Martin? A. No.

"At the time John Martin conveyed the land in contro-

versy to Leroy Martin, was he the head of a family, and if so, of whom did it consist? A. Yes; himself, wife, and daughter Olivia, and perhaps others."

The defendants filed a motion for a new trial, upon the grounds that the court erred in instructing the jury; for errors of law occurring on the trial; that the verdict was not sustained by the evidence, and for other reasons. This motion was overruled by the court, and excepted to. The defendants also filed a motion asking the court to render judgment in their favor upon the special findings of the jury. This motion was likewise overruled, and exceptions taken.

Judgment was rendered upon the verdict, and findings in favor of the plaintiff. The defendants bring the case here.

*Brayman & Sheldon,* for plaintiffs in error.

*Beeson & Baker,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial, the court charged the jury, after calling their attention to the conveyances of John Martin to his children, Leroy W. Martin and Olivia A. Martin, and to the reservations therein contained, that—

"Under these conveyances, the right to pasture on the eighty acres of land, for not exceeding ten head of cattle, is secured to the plaintiff, Olivia A. Martin, under the terms and conditions set forth in said deeds. It is a question of fact for the jury, whether Olivia A. Martin is a member of the family of John Martin, and whether John Martin and Olivia A. Martin occupy the homestead as alleged in the petition; and if the jury find the issues in favor of the plaintiff, they will further find from the evidence whether the defendants prevented the plaintiff from pasturing not exceeding ten head of cattle on the said eighty acres of land; and if they find that the defendants did, by force or otherwise, prevent the plaintiff from so pasturing said land, then they will further find from the evidence the market value of said pasturage of said eighty acres of land for the number of cattle the plaintiff had to pasture for the pasture season for the year 1882 up to September 9, 1882. This will be the amount of the verdict to which the plaintiff will be entitled."

The plaintiffs in error, defendants below, excepted to this part of the charge. Their contention is that Olivia A. Martin is the head of a family, of which John Martin is a member; therefore that the reservation in the deed executed to Leroy W. Martin cannot be enjoyed by Olivia A. Martin.

Under the facts established on the trial, the instruction was not erroneous or misleading. At the time of the excution of the deed to Leroy W. Martin, John Martin's family consisted of himself and wife, also his daughter Olivia A. Martin, with perhaps others; but such others, if any, are not named in the findings of the jury. At the commencement of this action, John Martin resided on the land he occupied when he made the conveyance to his son; and although he had executed a deed therefor to his daughter, yet he reserved the premises to himself as a home and for his support for and during his natural life; so that the conveyance to the daughter, of May 11, 1882, figures but little in the case. He continues to live upon the land occupied by him at the time of the conveyance to his son; and the family, during the time that the right of pasturage was denied to the daughter, so living at the old home, consisted of himself, Olivia A. Martin, and his sister's child. It is true that John Martin has lived with his daughter, Olivia A. Martin, ever since the conveyance of May 11, 1882, but she is his daughter, and whether he lives with her or she lives with him upon the homestead, she constitutes a part of the family, and under the reservation in the conveyance to the son of October 31, 1868, both himself and family were entitled to the pasturage for the stock therein named. This would give to Olivia A. Martin, with her father's consent, the use of the pasturage reserved.

We do not decide, or intend to decide, that after the death of John Martin, Olivia A. Martin or anyone else living upon the old homestead, may enjoy the right of pasturage upon the land conveyed to the son, Leroy W. Martin, within the terms of the reservation. It is not necessary to go that far in the case before us.

We have examined the other questions presented and dis-

cussed, but perceive no error in the ruling of the trial court. The judgment must therefore be affirmed.

All the Justices concurring.